UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS R. FENTON,<br><br>      Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>      Defendant | Case No. 2:16-cv-02356-RFB-CWH<br><br>REPORT & RECOMMENDATION |

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security[1] ("Commissioner") denying Plaintiff Douglas Fenton's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's motion to remand (ECF No. 13), filed March 7, 2017, and the Commissioner's response and cross-motion to affirm (ECF Nos. 14, 15), filed April 7, 2017, and Plaintiff's Reply (ECF No. 16), filed April 27, 2017. The Court also considered the Commissioner's surreply to Plaintiff's Reply (ECF No. 18), filed February 7, 2018.

**BACKGROUND**

**1.   Procedural History**

In February 2013, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of January 1, 2013. AR[2] 180-181. Plaintiff's claim was denied initially, and on reconsideration. AR 96, 102. A hearing was held before an Administrative Law Judge ("ALJ") on February 3, 2015. AR 26-68. On April 17, 2015, the ALJ issued a decision finding Plaintiff was

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. *See* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 6).)

1

not disabled. AR 10-20. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-4. Plaintiff, on October 7, 2016, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF No. 1.

**2.    The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 10-12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 1, 2013. AR 12. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the cervical and lumbar spinal areas; lumbar radiculopathy; and tendinosis and degenerative joint disease of the right shoulder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 13. At step four, the ALJ found that the claimant had the residual functional capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk up to six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday, with no climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps or stairs; no more than occasional bending, stooping, kneeling, or crawling; and no exposure to vibration or hazards (i.e. machinery, heights). AR 13. The ALJ also noted that Plaintiff is capable of performing past relevant work as a software engineer and a user support analyst. This work does not require the performance of work-related activities precluded by the claimant's residual functional capability. AR 18. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from January 1, 2013, through the date of the decision, on April 17, 2015. AR 20.

## DISCUSSION

**1.    Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such

decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v.*

*Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981).  The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.     Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b).  If the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.*

§ 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

Plaintiff moves to remand this matter because the ALJ improperly rejected Plaintiff's pain and symptom testimony. The Commissioner opposes the motion, arguing the ALJ correctly assessed Plaintiff's credibility.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990)). The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative

evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (quoting *Morgan*, 169 F.3d at 599). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). In *Parra,* the ALJ's credibility determination was upheld because the ALJ pointed to numerous Veterans' Administration lab tests in the claimant's medical records which contradicted his subjective complaints. *Id*. Similarly, in *Batson v. Comm'r of Soc. Sec. Admin.*, the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations that his ability to work was limited. *Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006). In *Robbins*, the ALJ in support of his adverse credibility finding to claimant's testimony stated the testimony was "not consistent with or supported by the overall medical evidence of record" and also cited conflicting testimony about claimant's alcoholism. *Id.* at 884. This was not enough; instead the ALJ was required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding. *Id*. If "evidence reasonably supports either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* (*citing Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)).

In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility

evaluation." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (citing SSR 88-13).

Plaintiff argues generally that Plaintiff has had numerous surgeries and takes various medications, and therefore the ALJ erred by discounting his testimony. The Commissioner responds that the ALJ considered Plaintiff's testimony, but found it less than fully credible, and explained her decision.

The ALJ found that medical evidence undermined Plaintiff's credibility as to allegations of disabling physical limitations. For example, Plaintiff alleged that he was disabled because of chronic pain and dysfunction in his neck, low back, legs and right shoulder, but the ALJ noted numerous treatment notes spanning 2013 to 2015 where doctors observed normal ranges of motion throughout the spine and neck; normal motor strength, reflexes, and sensation in the extremities; the absence of atrophy, laxity, or abnormal movements in the extremities – with the exception of a "mild" steppage gait. AR 16-17. And although Plaintiff wore an AFO (ankle foot orthosis) in December 2013, Dr. Milford examined Plaintiff and noted enough right leg strength "that he should not really need an AFO" AR 16. The ALJ also specifically noted that in February 2014, Dr. Grover opined there was no obvious reason for Plaintiff's discomfort in both legs, and recommended acupuncture treatments and continuing pain medications. AR 16-17. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (the ALJ properly discredited the claimant's complaints of pain by noting that "neurological and orthopedic evaluations have revealed very little evidence of any significant disabling abnormality of the claimant's upper or lower extremities or spine" and "there is no evidence of disuse muscle atrophy").

The ALJ discussed that the record of treatment and medication did not support allegations of disabling impairments. AR 17. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment cannot support disability). The ALJ may draw reasonable inferences from the record to support her findings. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ noted that Plaintiff had reported that treatment such as physical therapy, massage, using a TENS unit, and home exercises were "helpful," epidural injections provided pain relief, and overall, his treatment providers continued to recommend physical modalities of treatment into 2015 (e.g.

physical therapy, acupuncture treatment, home exercise regimen), as well as medication, to which he had no documented side effect. AR 17.

The ALJ also considered Plaintiff's work history, noting that Plaintiff was able to work from home three hours per week during the period he claims he was disabled, and explained that this cast doubt on his allegations of totally disabling symptom and functional limitations. AR 17. *See Molina*, 674 F.3d at 1112 (ALJ may use "ordinary techniques of credibility evaluation" in evaluating claimant's testimony). The Commissioner noted that although the ALJ mentioned other inconsistent statements (regarding hiking and pain pills), contrary to Plaintiff's contention, she did not rely solely on this evidence to draw an inference adverse.

Accordingly, the ALJ set forth valid reasons for discounting Plaintiff's credibility, discussed the evidence in the record, and the findings are affirmed. *See Thomas*, 278 F.3d at 959 ("[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing").

Plaintiff argues, without providing analysis, that the ALJ should have had a third medical expert to review the file to determine the impact of Plaintiff's surgery as well as subsequent shoulder injury. The Commissioner responds that the ALJ has no heightened duty to develop the record when the evidence is not ambiguous or inadequate. Plaintiff does not explain how an RFC that included a reaching limitation would preclude him from performing his past relevant work as a software engineer and user support analyst. In reply, Plaintiff for the first time argues that according to the Dictionary of Occupational Titles, the occupation of software engineer requires occasional (up to one-third of the day) reaching. DOT 030.062-010, 1991 WL 646541. Similarly, the occupation of user support analyst requires the ability to reach frequently from one-third to two thirds of the work day. DOT 032.262-010m 1991 WL 646554. Accordingly, Plaintiff argues that the restriction on reaching may reasonably impact the ability to engage in past relevant work.

In developing the RFC, the ALJ considered the opinions of state agency medical consultants Dr. Hughes and Dr. Lee, finding that they were largely consistent between each other and with the objective medical evidence, which indicated a history of back, neck, and shoulder pain, as well as anatomical abnormalities and functional limitations of the spine and extremities, but otherwise

1  mostly normal musculoskeletal and neurological functioning, as well as improvement with treatment.
2  Plaintiff does not identify credible evidence that he had greater functional limitations than those
3  assessed by the ALJ – as discussed, the ALJ found that Plaintiff's testimony was not credible.  The
4  ALJ noted that at step three, in the establishment of the RFC, unchallenged by Plaintiff, that
5  Plaintiff's shoulder impairment was not disabling because there was insufficient evidence that it
6  resulted in an inability to perform fine and gross movements effectively.  Additionally, the ALJ
7  properly supported his step four finding that Plaintiff could perform his past relevant work with the
8  testimony of a VE, and specifically asked the VE whether a hypothetical person with Plaintiff's age,
9  education, and vocational background could perform his past relevant work, and the expert testified
10 that the hypothetical person could perform Plaintiff's past relevant work as generally performed.  AR
11 18.
12      The ALJ also determined an alternative finding, considering the claimant's age, education,
13 work experience, and RFC, there are other jobs that exist in the national economy that the claimant
14 also can perform.  The VE testified that even if Plaintiff could not perform his prior relevant work,
15 he could nevertheless perform work as a housekeeping cleaner, sorter and packer.  Plaintiff makes no
16 argument that the shoulder limitation would impact these jobs, or that the alternative finding was
17 erroneous.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 13) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 14) be **granted.**

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 9, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge